NUMBER 13-02-630-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
PAUL EDWARD CARPENTER,                                                   Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 24th District Court
of Victoria County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

                             Opinion by Chief Justice Valdez
          After a jury trial, appellant, Paul E. Carpenter, was convicted of one count of
aggravated sexual assault of a child and two counts of indecency with a child. The trial
court assessed punishment at forty-years’ confinement for the count of aggravated sexual
assault and ten-years’ confinement for each count of indecency with a child. Appellant
raises the following two issues on appeal: (1) appellant was denied his Sixth Amendment
right to effective assistance of counsel; and (2) the trial court erred by not sua sponte
declaring a mistrial based on prosecutorial misconduct. We disagree and affirm the
judgment of the trial court.
I. Factual and Procedural Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
basic reasons for it. See Tex R. App. P. 47.4. 
II. Analysis
1. Ineffective Assistance of Counsel 
          Appellant’s first issue asserts he was denied his Sixth Amendment right to effective
assistance of counsel. Appellant’s contention is based on trial counsel’s failure to object
to the admission of four instances of extraneous acts, and nineteen instances when trial
counsel objected but failed to pursue the objection to an adverse ruling. Appellant also
complains that trial counsel “opened the door” allowing consideration of otherwise
inadmissible evidence. 
Standard of Review
          We examine ineffective assistance of counsel claims by the standard set out in
Strickland v. Washington, 466 U.S. 668 (1984). See Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim. App. 1986). It is appellant's burden to show by a preponderance of the
evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing
professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the
deficiency, there is a reasonable probability that the result of the proceeding would have
been different. See Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of counsel's
representation is highly deferential and presumes counsel's actions fell within a wide range
of reasonable professional assistance. See Mallett, 65 S.W.3d at 63. It is appellant's
burden to prove, by a preponderance of the evidence, that there is no plausible
professional reason for a specific act or omission. See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).
          A substantial risk of failure accompanies a claim of ineffective assistance of counsel
on direct appeal because the record is generally underdeveloped and cannot adequately
reflect the failings of trial counsel. See Thompson, 9 S.W.3d at 814; McCullough v. State,
116 S.W.3d 86, 92 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd.). Therefore, it is
critical that the defendant make the necessary record in the trial court to rebut the
Strickland presumption that counsel's conduct was strategic. See Thompson, 9 S.W.3d
at 814; McCullough,116 S.W.3d at 92. This kind of record is best developed in a hearing
on a motion for new trial, or by application for a writ of habeas corpus. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); McCullough, 116 S.W.3d
at 92. Without evidence of the strategy and methods involved concerning counsel's
actions at trial, the court will presume sound trial strategy. See Thompson, 9 S.W.3d at
814.
Analysis
          In the instant case, the record does not contain any evidence of the strategy and
methods involved concerning counsel’s actions at trial, and appellant does not assert the
record contains the necessary evidence. Instead, appellant suggests that an exception to
Strickland, set out in United States v. Cronic, 466 U.S. 648, 659-60 (1984), applies in this
instance. Cronic presumes prejudice where there has been actual breakdown in the
adversarial process at trial. See Cronic, 466 U.S. at 657-58. However, only when
surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment
claim be sufficient without inquiry into counsel's actual performance at trial. See id. at 662.           Upon review of the record, we cannot conclude that the surrounding circumstances
in this case justify application of the Cronic presumption, nor can we conclude that there
was an actual breakdown in the adversarial process at trial. Accordingly, we conclude the
Cronic exception is not applicable in this case and there is no evidence in the record to
overcome the Strickland presumption. We therefore overrule appellant’s first issue.



2. Sua Sponte Declaration of Mistrial
          Appellant’s second issue asserts the trial court erred by not sua sponte declaring
a mistrial based on prosecutorial misconduct. Appellant complains of the prosecution’s (1)
references to his affiliation with the “Aryan Brotherhood,” (2) inaccurate accusation that
appellant was found guilty of family violence, and (3) attempt to introduce extraneous
offense evidence without notice. Appellant avers that “the State’s repeated improper
references to the Aryan Brotherhood, combined with the failure of trial counsel to properly
preserve error regarding such references, was ‘such as to require the court to sua sponte
grant a mistrial.’” 
Analysis
          The trial court has authority to sua sponte declare a mistrial if a verdict of conviction
could be reached but would have to be reversed on appeal due to an obvious procedural
error in the trial. See, e.g., Ward v. State, 520 S.W.2d 395, 397-98 (Tex. Crim. App. 1975)
(holding that trial court would have been justified in sua sponte ordering mistrial when
indictment was fatally defective). However, in this case, the errors of which appellant
complains are not procedural errors. Additionally, appellant failed to preserve the
proposed errors for appellate review. See Tex. R. App. P. 33.1; Simpson v. State, 119
S.W.3d 262, 268 (Tex. Crim. App. 2003) (reiterating that to preserve error, defendant must
make timely and specific objection and pursue it to an adverse ruling). The record shows
appellant made timely objections to the evidence, and the court sustained the objections,
but appellant failed to pursue his objections to an adverse ruling. Accordingly, we overrule
appellant’s second issue.
III. Conclusion
We affirm the judgment of the trial court.
 




                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b). 

Memorandum Opinion delivered and filed
this 17th day of February, 2005.